UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

2009 JAN 13 PM 3:54

| | |
|---|---|
| BRIAN C. FAUSSET,<br><br>Plaintiff,<br><br>v.<br><br>WRIGHT & LERCH and ASSET ACCEPTANCE, LLC,<br><br>Defendants. | CASE NO. **4:09CV0002**<br><br>COMPLAINT |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Plaintiff Brian C. Fausset for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendants.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 1337.

### III. PLAINTIFFS

3. Plaintiff Brian C. Fausset is a natural person residing in Lafayette, Indiana.

### IV. DEFENDANTS

4. Defendant Wright & Lerch is a for-profit domestic partnership operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

5. Defendant Asset Acceptance, LLC (hereinafter "Asset Acceptance") is a for-profit foreign limited liability corporation operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

## V. STATEMENT OF FACTS

6. Defendants filed a lawsuit against Brian Fausset on December 10, 2008 in Tippecanoe County Small Claims Court, Cause No. 79D04-0812-SC-05762 (hereinafter "state court lawsuit").

7. The Notice of Claim filed by Defendants stated that "Defendant is indebted to Plaintiff on a charged off amount of $1,009.51, with interest thereon at the contractual rate of 15.0% per annum from 09/29/2004 to the date of judgment, attorney fees, plus court costs, and if applicable, sheriff's fee."

8. Defendant Asset Acceptance is not entitled to a contractual rate of 15% interest.

9. An affidavit was attached to and/or included with the Notice of Claim that stated "[t]hat there is justly due and owing on the account, the sum of $1,545.02 representing the charged off amount and interest" as of April 15, 2008.

10. Brian Fausset did not owe Defendant Asset Acceptance $1,545.02 on April 15, 2008.

11. An Account Agreement was attached to and/or included with the Notice of Claim that contained a mandatory binding arbitration clause stating that "CLAIMS CANNOT BE LITIGATED IN COURT."

## VI. CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act – Defendants

12. Plaintiff repeats, re-allege and incorporate by reference paragraphs one through eleven above.

13. Defendants violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    (a) Filing in the state court lawsuit a Notice of Claim that falsely stated that Asset Acceptance is entitled to a contractual rate of interest of 15% in violation of 15 U.S.C. §§ 1692e and 1692f;

    (b) Filing in the state court lawsuit an affidavit that falsely stated that there is justly due and owing on the account, the sum of $1,545.02 representing the charged off amount and interest as of April 15, 2008 in violation of 15 U.S.C. §§ 1692e and 1692f;

    (c) Filing the state court lawsuit when the alleged contract between the parties provided for mandatory binding arbitration only or, alternatively, submitting an Account Agreement in the state court

2

> lawsuit that was not part of the parties' agreement in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

14. As a result of these violations of the Fair Debt Collection Practices Act, Defendants are liable to the Brian Fausset for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff Brian Fausset respectfully requests that the Court enter judgment in his favor and against Defendants in an amount that will compensate him for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
310 N. Lebanon St.
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com